IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ULYSESS ROY COTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv504 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Ulysess Roy Cottrell, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff asserts claims pursuant to 42 U.S.C. § 1983, alleging that the defendants are penalizing him for the exercise of his First Amendment rights, thereby depriving him of freedoms protected by the First Amendment and violating the Eighth Amendment to the United States Constitution.

    The defendants are State employees who are sued in both their official and individual capacities. The plaintiff has paid the court's filing fee and has not moved for leave to proceed in forma pauperis ("IFP"). The Clerk of Court has sent blank summons forms to the plaintiff. If the plaintiff has fewer than six (6) summons forms (one for official-capacity service[2], and five for service on each defendant in his or her individual capacity), he should notify the Clerk of Court that he requires additional summons forms.

---

[1]The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (initial review, or "screening," of prisoner complaints).

[2]Example of official-capacity service (i.e., service on the State):

> TO: **(Name and address of Defendant)**
>
> **All named defendants in their official capacity**
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

**PLRA**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below.

IT IS THEREFORE ORDERED:

1. The Clerk of Court has sent summons forms to the plaintiff for each defendant named in the caption of the complaint. The plaintiff will need one summons form for all defendants collectively in their official capacity, as well as one each for each person sued in his or her individual capacity.

2. The plaintiff shall review the Instructions attached to this order for completing summons forms.

3. When serving the defendants, each summons must be accompanied by a copy of the complaint.

4. The plaintiff may serve the defendants by any method permitted under Fed. R. Civ. P. 4 or the law of Nebraska, e.g., by certified mail, by personal service effected by a process server or by any person who is not a party to the case and who is at least 18 years of age, or by obtaining a Waiver of Service of Summons signed by the defendant.

5. When completing forms for service of process on the State and state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ...

and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

On the other hand, state employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

7. If no defendant has been served by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on that defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of motions and other documents on adverse parties by first class mail.

9 The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

10. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to the complaint.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case. The federal rules are available at any law library, and the local rules are available from the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

12. The plaintiff shall keep the court informed of his current address at all times while this case is pending.

DATED this 21st day of November, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS

1.	A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.	 You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

3	Be sure to print your case number on all forms.

4.	You must give an address for the party to be served.  Usually the court will not know a defendant's address.

5.	For service on the State of Nebraska, a State agency or a State employee in his or her *official* capacity, the  address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

6.	On the other hand, state employees in their *individual* capacity may be served at home or wherever they may be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

7.	Where a summons form states:   "You are hereby summoned and required to serve on plaintiff's attorney"  print <u>your</u> name and address.

8.	Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.