IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ULYSESS ROY COTTRELL,              )
                                   )
            Plaintiff,             )            8:05cv504
                                   )
      vs.                          )       MEMORANDUM AND ORDER
                                   )
                                   )
ROBERT HOUSTON, et al.,            )
                                   )
            Defendants.            )

      This matter is before the court on filing no. 17, the defendants' Motion to Dismiss,

and filing no. 20, the plaintiff's Objection to the defendants' Motion to Dismiss.   In his

complaint, the plaintiff, Ulysess Roy Cottrell, a prisoner in the custody of the Nebraska

Department of Correctional Services ("DCS"), asserts claims pursuant to 42 U.S.C. § 1983,

alleging that the defendants are penalizing him for the exercise of his First Amendment

rights, thereby depriving him of freedoms protected by the First, Eighth and Fourteenth

Amendments to the United States Constitution.

      The defendants, State employees sued in their official and individual capacities,

contend that the plaintiff has failed to state a claim on which relief may be granted.   See

Fed. R. Civ. P. 12(b)(6).   They point to the plaintiff's claim that the defendants failed to

recommend the plaintiff for early release on parole, and they emphasize that the plaintiff

has no entitlement to parole because in Nebraska, parole is discretionary.

      However, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a

claim for relief tests only the legal sufficiency of the plaintiff's complaint if the factual

allegations in the complaint are accepted as true.   Springdale Educ. Ass'n v. Springdale

School Dist., 133 F.3d 649, 651 (8th Cir. 1998).   A claim should be liberally construed in

1

the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'"  (Citations omitted.)

The plaintiff alleges religious discrimination and unlawful retaliation.  He also contends that he is being forced to choose between observing the tenets of his faith or participating in programming which will advance his prospects of recommendation for parole.  In light of the strict standard for a Motion to Dismiss, filing no. 17 will be denied. However, the denial is without prejudice to a motion for summary judgment based on a more fully developed factual record.

THEREFORE, IT IS ORDERED:

1.      That filing no. 17, the defendants' Motion to Dismiss, is denied;

2.      That filing no. 20, the plaintiff's Objection, is granted; and

3.      That the defendants shall have twenty (20) days from the date of this Memorandum and Order to answer the complaint.

DATED this 23rd day of May, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2