IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ULYSESS ROY COTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv504 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 25, the defendants' Motion to Dismiss this action as moot; (2) filing no. 29, the plaintiff's Motion for Enlargement of Time; and (3) filing no. 32, the Joint Motion to Withdraw and Entry of Appearance by attorneys on behalf of defendant-Michael Luebbert. As a preliminary matter, filing no. 32 is granted.

The plaintiff, Ulysess Roy Cottrell, filed this action when he was a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff asserted claims pursuant to 42 U.S.C. § 1983, alleging that the defendants, DCS employees, penalized him for his refusal to participate in a particular form of mental health programming, in violation of his First and Eighth Amendment rights. The plaintiff alleges that the defendants forced him to choose between observing the tenets of his faith or participating in programming which would have advanced his prospects of recommendation for parole. In the plaintiff's view, the defendants' failure to recommend the plaintiff for early release on parole constituted religious discrimination and unlawful retaliation for the exercise of freedoms protected by the First Amendment. Because of his refusal to

1

participate in the programming, the plaintiff was not promoted to community custody classification or work release placement or recommended for conditional release on parole. Of course, parole is discretionary, so even if the plaintiff had been recommended, the likelihood of his receiving parole is unknown.

As the defendants point out, however, after he filed his complaint, the plaintiff completed his sentence, and he has been unconditionally released from custody pursuant to a mandatory discharge. Therefore, this case has become moot, and no case or controversy remains for adjudication.

As the defendants pointed out in a previous motion, the plaintiff, even when he was incarcerated, could not have recovered damages from the defendants in their official capacities because of the sovereign immunity recognized and preserved by the Eleventh Amendment to the United States Constitution.[1] The plaintiff also could not have recovered damages for mental or emotional distress, the only damages he suffered, from the defendants in their individual capacities. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." While 42 U.S.C. § 1997e(e) does not require physical

---

[1] A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer. The Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or instrumentality, or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

injury as a prerequisite for declaratory or injunctive relief, any such claims have now become moot by the plaintiff's release from confinement.

In filing no. 29, the plaintiff requested an extension of thirty days in which to respond to the defendants' Motion to Dismiss. At the same time, the plaintiff moved for appointment of counsel. The court denied the motion for appointment of counsel, and at least six months have elapsed since then. Therefore, filing no. 29 has effectively been granted, and any additional time is now denied as moot.

THEREFORE, IT IS ORDERED:

1. That filing no. 25, the defendants' Motion to Dismiss, is granted;

2. That filing no. 29, the plaintiff's Motion for Enlargement of Time, is granted in part and denied in part, in that the plaintiff has already received at least six additional months, and any further extension is denied as moot;

3. That filing no. 32, the Joint Motion to Withdraw and Entry of Appearance by attorneys on behalf of defendant-Michael Luebbert, is granted; and

4. That judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of February, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge